IN THE UNITED STATES DISTRICT COURT
IN AND FOR EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 JUL 11 A 10:52
STEPHEN C. DRIES
CLERK

Case No.

Judge: 19-C-0985

Kevin Michael Boon-Bey,
A███ S███ B███, A Minor Child,
K███ M███ B███, A Minor Child,
K███ M███ B███ Jr., A Minor Child,
P█ I███ H███████, A Minor Child,
S█ M█ B███, A Minor Child,
Plaintiffs,

v.

Audrey Skwierawski,
Ryan Sanson,
Defendants.
_____/

## VERIFIED COMPLAINT

### PARTIES

1. **Who are the parties in this case and where can they be located?**

   Plaintiffs:

2. The parties in this case are as follows: the Plaintiffs are Kevin Michael Boon-Bey; A███ S███ B███, A Minor Child; K███ M███ B███, A Minor Child; K███ M███ B███ Jr., A Minor Child; P█ I███ H███████, A Minor Child; and S█ M█ B███, A Minor Child. K███ M███ B███ is domiciled in Wisconsin, residing in Milwaukee County, located at 10275 S. Settlers Way, Oak Creek, Wisconsin 53154, and may be reached at (414) 218-2375. The Minor Children are in foster care in Wisconsin; it is believed residing in Milwaukee County. Kevin Michael Boon-Bey is the father of each child, a living Man, 'within' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an enrolled member of Chata/Choctaw Musgokee Yamassee Nation, an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject

only to his laws. Each child is an enrolled member of Chata/Choctaw Musgokee Yamassee Nation.

Defendants:

3. Audrey Skwierawski, Circuit Court Judge, and may be reached at Milwaukee County Court – VRP Youth & Family Justice Center, 10201 W. Watertown Plank Road, Room 2421, Wauwatosa, Wisconsin 53226. This defendant, while doing her job, harmed the Plaintiffs.

4. Ryan Sanson, Assistant District Attorney, and may be reached at Milwaukee County Court – VRP Youth & Family Justice Center, 10201 W. Watertown Plank Road, Wauwatosa, Wisconsin 53226. This defendant, while doing his job, harmed the Plaintiffs.

## CAUSE OF ACTION

5. **What is the CAUSE OF ACTION for this case?**
   **According to the "Guide to Filing Non-Prisoner Complaints Without a Lawyer in The United States District Court for the Eastern District of Wisconsin," STATEMENT(S) OF CLAIM are itemized as follows:**
   **A. Who violated your rights;**
   **B. What each defendant did;**
   **C. When they did it;**
   **D. Where it happened; and**
   **E. Why they did it, if you know.**

I come in peace in support of the constitutions, as stated in my attached affidavit entitled "Affidavit of Support of the Constitutions." (See the attached affidavit - **EXHIBIT A**).

**COMES NOW**, the free and original inhabitant, **Kevin: Michael: Boon-Bey**, a living Man, '<u>within</u>' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God (Allah), Under the Almighty God (Elohim/Allah) Authority, subject only to his laws and in support of Kevin: Michael: Boon-Bey, BEing Live, BEing Liveing, BEing Aware.

By:
The living Man of the land/soil and on the land/soil
Kevin: Michael: Boon-Bey, Private and Special,

Holder of the Inherent Political Power,

BEing Live, BEing Liveing, BEing Aware

Kevin: Michael: Boon-Bey, BEing Live    MOORISH SCIENCE TEMPLE OF AMERICA

Non corporate entity (real party in interest, *tertius interveniens*)  SACRED RELIGIOUS ESTATE

An Indigenous Washitaw Muur/Moor
(Moorish American National)    Moor Identification Number B-100149

The children named as minors above have individual cases in the Milwaukee County Court – VRP Youth & Family Justice Center. Their race has been inappropriately recorded in the court cases for family members as being "Black" and/or African American. The Boon-Bey family members are not "Black" and/or African American. They are not negroes. The children, as well as their father, are of the Choctaw Musgokee Yamassee Nation, Indigenous Washitaw Muur/Moors.

The defendants, while doing their jobs, harmed the Plaintiffs in this way: The children were stripped out of their familiar home, away from the parents who love and care for them. The children were kidnapped from the parents causing distress and anxiety for the children.

The following documents have been executed by Kevin Michael Boon-Bey and recorded as follows:

AFFIDAVIT OF NON-RESIDENT ALIEN STATUS (23 Pages)

DECLARATION OF NATIONALITY (11 Pages)

CERTIFICATE OF U.S. NON-CITIZEN NATIONAL STATUS (40 Pages)

Exhibit A (Standard Form 181 "Ethnicity and Race Identification" (1 Page)

Exhibit B - H. RES. 194 (4 Pages)

Exhibit C – S. CON. RES. 26 (5 Pages)

Exhibit D - H.R. 3326 Section 8113 (3 Pages)

Exhibit E - CR-Senate S4977 (1 Page)

Exhibit F - CR-Senate S13695 (2 Pages)

Exhibit G – Assembly Joint Resolution No. 42 (2 Pages)

(Recorded in the Recorder of Deeds Office, Lake County, Illinois [Doc. # 7547123])

(Please refer to **Exhibit B** to see a copy).

The children of Kevin Michael Boon-Bey identified below are debtors to and blood-line descendants of Mr. Boon-Bey, the UCC Secured Party Creditor, and they are named as plaintiffs in the immediate case:

- P███ I. H███████, A Minor Child
- A█████ S. B███, A Minor Child
- K███ M. B███ Jr., A Minor Child
- S████ M. B███, A Minor Child
- K████ M. B███, A Minor Child

As stated previously, Mr. Boon-Bey is the Secured Party creditor, owner, and authorized representative of the corporate fiction-entities / Debtors (Ens legis) identified as P███ H████████, A█████ B███, K███ B███ Jr., S████ B███, and K████ B███ (Please refer to **Exhibit C**).

On July 3, 2019, the father, Kevin Michael Boon-Bey, filed a "Motion to Transfer Jurisdiction and Dismiss" the cases in the Milwaukee County Court – VRP Youth & Family Justice Center to transfer these actions to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceedings pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b), pursuant to the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007), pursuant to the Treaty Of Savannah 1733, pursuant to the Treaty Of Camp Holmes 1835, and pursuant to the organic agreements of the Declaration of Independence, 1776; the Bill of Rights, 1789 & R1791; the Northwest Ordinance, 1787; the Articles of Association, 1774; the U.S. Constitution, 1787; the Articles of Confederation, 1778 & R1781; the U.S./Morocco Treaty of Peace and Friendship, 1786; the U.S./Morocco Treaty of Peace and Friendship, 1836; The Wisconsin State Constitution; and the Maxims of Equity. On June 3, 2019, each of these documents was filed into the lower

court cases as part of a Mandatory Judicial Notice pursuant to Rights guaranteed to a free and original inhabitant, an Indigenous Choctaw Musgokee Yamassee / Washitaw Muur/ Moor (Moorish American National), proclaiming that court proceedings to be **Exclusive Equity**. (Reproduced texts of these organic documents are attached as **Exhibits M-1 – M-14**. Certified copies from the U.S. National Archives & Records Administration in Washington, D.C. are on file with me and will be made available upon request).

On July 8, 2019, the judge hearing each child's case, Judge Audrey Skwierawski, suspended her decision on each motion, postponing a final decision until July 30, 2019 – August 1, 2019. Judge Skwierawski made the statement in the July 8 hearing that she wants to see the results of the ordered competency evaluation, which is not a requirement of the Indian Child Welfare Act. It should also be noted that Kevin Michael Boon-Bey is cautious about doing a competency evaluation with someone (a psychologist) whose loyalties are to the court and who is on the court's "payroll." With no negative mental history, what would an evaluation such as this prove? And finally, the judge claims that she could not find the Choctaw Musgokee Yamassee Nation on a Bureau of Indian Affairs registry that she consulted. (Contrary to what Judge Skwierawski stated in the July 8, 2019, hearing regarding not being able to find reference to any of my people, I quickly looked on the U.S. Department of Interior – Bureau of Indian Affairs website and found under the "Tribal Leaders Directory" the Choctaw Agency is listed. Refer to **Exhibits N**. According to Wikipedia, the Choctaw Indian Tribe signed nine (9) treaties with the United States. Refer to **Exhibits O**). Furthermore, I would remind this Honorable Court that the Indian Child Welfare Act does not require the parent who is a tribal member and who makes a motion to transfer jurisdiction in state court to submit to a competency evaluation. "Tribes have sole authority to determine their own membership. The state court may not substitute its own determination." (See the National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook, Indian Child Welfare Act (ICWA) Basics, page 5 in **Exhibit J**). A transcript of the July 8, 2019, hearing is being ordered and will be filed in this case upon receipt of it.

As the "Motion to Transfer Jurisdiction and Dismiss" states in each of the children's cases, each motion complies with the Indian Child Welfare Act, 25 U.S.C. (Please refer to **Exhibits D, E, F, G, and H** to see a copy of each child's motion).

Now while Mr. Boon-Bey has in recent weeks been insisting that the lower court record be corrected in terms of "Race" of Boon-Bey family members and the fact that those who submit reports into the court record and/or generate case notes for the court record persist in inappropriately identifying Mr. Boon-Bey's children as "Black" or as African American. Mr. Boon-Bey has told the court repeatedly that he and his children are of the Choctaw Musgokee Yamassee Nation and that the court record should reflect that correction. Instead of the state court complying with Federal law, with original organic agreements filed with the lower court, and with treaties filed into the lower court cases of the children, in the hearing of June 4, 2019, the assistant district attorney, Ryan Sanson, and the judge, in the spirit of malicious prosecution, raised the question of Kevin Michael Boon-Bey's mental health capacity, and the judge ordered a competency evaluation of Mr. Boon-Bey. (See a copy of the transcript in **Exhibit I**, page 13 of the transcript at line 17). Mr. Boon-Bey objected to the judge making such an order, and the court simply moved forward with the order. (See a copy of the transcript in **Exhibit I**, page 14 of the transcript at lines 1 - 7). If Mr. Boon-Bey is found incompetent, according to the judge, she will appoint a guardian ad litem for Mr. Boon-Bey, and he will be the guardian ad litem's ward. (See a copy of the transcript in **Exhibit I**, page 14 of the transcript at lines 8 - 13).

The Milwaukee County Court – VRP Youth & Family Justice Center ordering a competency evaluation with the results of <u>the competency evaluation being used in the lower court is **a violation of Kevin Michael Boon-Bey's constitutional rights**</u>. **Anything he says in the competency evaluation can be used against him in court.**

As a result, Kevin Michael Boon-Bey formulated a series of written questions for the psychologist to answer in writing before the competency evaluation proceeded. On July 10, 2019, at 12 noon, those written questions were respectfully given to the psychologist soliciting her written responses after arriving at the psychologist's office.

After reading the questions given her, the psychologist began answering the questions verbally, but she refused to respond in writing. (Please refer to **Exhibit P** in order to review the written questions presented to the psychologist). The competency evaluation moved forward nonetheless, and Mr. Boon-Bey was told that competency was satisfactory. There is no written report from the psychologist as of the writing of this complaint.

Again, the Indian Child Welfare Act <u>does not require</u> the parent who is a tribal member and who makes a motion to transfer jurisdiction in state court to submit to a competency evaluation.

According to the <u>National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook</u>, Indian Child Welfare Act (ICWA) Basics (page 5) are as follows:

<u>The Child is an "Indian Child" Under The Indian Child Welfare Act (ICWA) If:</u>

- He or she is an unmarried person under the age of 18, and
- 1. The child is a member of a federally recognized Indian tribe; or
- 2. a) Eligible for membership in a federally recognized Indian tribe and
- 2. b) Is the biological child of a member/citizen of a federally recognized Indian tribe. 25 U.S.C. § 1903(4).

<u>Determination of Tribal Membership</u>

- Tribes have sole authority to determine their own membership. The state court may not substitute its own determination.
- To make a judicial designation of the Indian child's tribe, the state court may rely on documents or testimony indicating membership.

Kevin Michael Boon-Bey has provided such documents to the state.

<u>When Does ICWA Apply</u>

- The proceedings are child custody proceedings as defined in 25 U.S.C. § 1903(1); and
- The court knows or has reason to know the child is an "Indian child." 25 U.S.C. § 1903(4)

(See **Exhibit J** for a copy of the National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook).

JURISDICTIONAL ALLEGATIONS

6. **What establishes the JURISDICTION of the Honorable Court in this case?**

   Pursuant to Rights guaranteed to a free and original inhabitant, an Indigenous Choctaw Musgokee Yamassee / Washitaw Muur/ Moor (Moorish American National), and a living Man the following **organic documents**:

   1 - Declaration of Independence, 1776 (1 page) (Please refer to **Exhibit M-1**).

   2 - Bill of Rights, 1789 & R1791 (1 page) (Please refer to **Exhibit M-2**).

   3 – Northwest Ordinance, 1787 (2 pages) (Please refer to **Exhibit M-3**).

   4 - Articles of Association, 1774 (3 pages) (Please refer to **Exhibit M-4**).

   5 - U.S. Constitution, 1787 (4 pages) (Please refer to **Exhibit M-5**).

   6 - Articles of Confederation, 1778 & R1781 (9 pages) (Please refer to **Exhibit M-6**).

   7 - U.S./Morocco Treaty of Peace and Friendship, 1786 (33 pages) (Please refer to **Exhibit M-7**).

   8 - U.S./Morocco Treaty of Peace and Friendship, 1836 (30 pages) (Please refer to **Exhibit M-8**).

   9 – The Wisconsin State Constitution, certified on February 5, 1848, by the Office of the Secretary of Wisconsin Territory (29 pages) (Please refer to **Exhibit M-9**).

   10 – Maxims of Equity (13 pages) (Please refer to **Exhibit M-10**).

   The matter has transpired in Wisconsin republic within the boundaries that the United States District Court of the Eastern District Wisconsin, and the Defendants are governed by the Federal statutes of the INDIAN CHILD WELFARE ACT – 25 USC 1901 – 1963 (Please refer to **Exhibit M-11**), the National Council of Juvenile

and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook (Please refer to **Exhibit J**), The Code of Federal Regulations, The United States Code, regulations of the Federal Reserve, the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007) (Please refer to **Exhibit M-12**), Treaty Of Savannah 1733 (Please refer to **Exhibit M-13**), Treaty Of Camp Holmes 1835 (Please refer to **Exhibit M-14**), and thus establishes the Honorable Court's Jurisdiction.

## GENERAL FACTUAL ALLEGATION

7. **What are the facts, as alleged, in this case?**

   Kevin Michael Boon-Bey is a tribal member of the Choctaw Musgokee Yamassee Nation, an Indigenous Washitaw Muur/Moor. The children are eligible for membership in the Tribe, and paperwork is being processed accordingly. Tribal memberships for the children have already been approved by the Tribe and will be submitted to the court when the process is completed in the near term.

   This distinction of not being a negro, but being recognized and acknowledged as being indigenous, an American National, was successfully argued in a winning court case by Abraham Lincoln in April 1855 – William Dungey v. Joseph Spencer ["Black Bill" Case]. (Please refer to **Exhibit K**).

   The record currently shows various entities recognize and acknowledge Mr. Boon-Bey's status as an American National:
   A. Wisconsin Secretary of State – Birth Certificate (Refer to **Exhibit L**);
   B. Wisconsin DMV – Driver's License (Refer to **Exhibit L**);
   C. Milwaukee County Circuit Court – Name Change Court Order (Refer to **Exhibit L**);
   D. U.S. Department of State – U.S. Passport (Refer to **Exhibit L**);
   E. Social Security Administration – Social Security Card (Refer to **Exhibit L**);
   F. The Choctaw Musgokee Yamassee Nation – Tribe Membership (Refer to **Exhibit L**).

   Recorded in the Recorder of Deeds Office in Lake County, Illinois are Mr.

Boon-Bey's AFFIDAVIT OF NON-RESIDENT ALIEN STATUS, DECLARATION OF NATIONALITY, and CERTIFICATE OF U.S. NON-CITIZEN NATIONAL STATUS. (Refer to **Exhibit B**). Notice has been published in a local newspaper, Milwaukee South – NOW (March 20, 2019, March 27, 2019, April 3, 2019, and April 10, 2019). (Refer to **Exhibit L**). These affidavits are unrebutted locally, nationally, and internationally.

<u>Why would the Milwaukee County Circuit Court – VRP Youth & Family Justice Center fail to acknowledge or refuse to acknowledge Mr. Boon-Bey's status and that of his children and act accordingly?</u>

<u>Why would this lower court refuse to apply the Indian Child Welfare Act, organic agreements between the United States and the Choctaw Musgokee Yamassee Nation, and treaties between the United States and the Choctaw Musgokee Yamassee Nation to Mr. Boon-Bey and his children?</u>

On July 3, 2019, Kevin Michael Boon-Bey filed motions entitled "Motion to Transfer Jurisdiction and Dismiss" into the Milwaukee County Court – VRP Youth & Family Justice Center cases to transfer these actions "In The Interest Of" each child to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceedings pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b).

On July 8, 2019, Kevin Michael Boon-Bey petitioned the Court to transfer the following court cases filed in Milwaukee County Circuit Court – VRP Youth & Family Justice Center to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceeding pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b):

A. Milwaukee County Case Number 2018JC001021, DA Case Number 2018MJ002870 - <u>In the Interest of A▓▓▓ B▓▓▓</u>, A Minor Child;
B. Milwaukee County Case Number 2018JC001022, DA Case Number 2018MJ002871 - <u>In the Interest of K▓▓▓ B▓▓▓</u>, A Minor Child;

C. Milwaukee County Case Number 2018JC001023, DA Case Number 2018MJ002872 - <u>In the Interest of K___ B___ Jr.</u>, A Minor Child;

D. Milwaukee County Case Number 2018JC001020, DA Case Number 2018MJ002869 - <u>In the Interest of P___ H_____</u>, A Minor Child; and

E. Milwaukee County Case Number 2018JC001024, DA Case Number 2018MJ002873 - <u>In the Interest of S___ B___</u>, A Minor Child.

On July 8, 2019, the judge hearing each child's case, Judge Audrey Skwierawski, suspended her decision on each motion, postponing a final decision until July 30, 2019 – August 1, 2019.

The Milwaukee County Circuit Court is non-compliant with the Indian Child Welfare Act, organic agreements between the United States and the Choctaw Musgokee Yamassee Nation, and treaties between the United States and the Choctaw Musgokee Yamassee Nation. Instead of the state court complying with Federal law, the assistant district attorney, Ryan Sanson, and the judge raised the question of Kevin Michael Boon-Bey's mental health capacity, and the judge ordered a competency evaluation for Mr. Boon-Bey.

Mr. Boon-Bey objected to the judge making such an order, and the lower court simply moved forward with the order.

According to Judge Skwierawski, if Mr. Boon-Bey is found incompetent, the lower court judge will appoint a guardian ad litem for Mr. Boon-Bey, and he will be the guardian ad litem's ward. This strategy used by the lower court will remove Mr. Boon-Bey's voice in said court cases and circumvent Federal law, organic agreements between the United States and the Choctaw Musgokee Yamassee Nation, and treaties between the United States and the Choctaw Musgokee Yamassee Nation.

Again, the Indian Child Welfare Act <u>does not require</u> the parent who is a tribal member and who makes a motion to transfer jurisdiction in state court to submit to a competency evaluation.

As stated above, the Milwaukee County Circuit Court fails to comply with or refuses to comply with the Indian Child Welfare Act with regard to Mr. Boon-Bey's children in spite of the law stating, "Tribes have sole authority to determine their own

membership. The state court may not substitute its own determination." (Again, see the <u>National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook</u>, Indian Child Welfare Act (ICWA) Basics, page 5 in **Exhibit J**). However, this complaint is not just about the lower court violating the Indian Child Welfare Act. It is also about those in official capacities at the Milwaukee County Circuit Court, Judge Skwierawski and Assistant District Attorney Ryan Sanson, abridging Kevin Michael Boon-Bey constitutional rights and that of his children. This complaint also encompasses the original organic agreements, which includes several treaties, made between the United States and my people, the Choctaw Musgokee Yamassee Nation. The strategy of the lower court is malicious and treasonous in that the judge in the lower court is warring with the supreme law of the land by abridging of Mr. Boon-Bey's unalienable rights. (See *In re Sawyer, 124 U.S. 200 [1888]* – "If a judge does not fully comply with the Constitution, then his orders are void."; *Marbury v. Madison,* 5 U.S. 137 – "The courts of the United States are bound to take notice of the constitution."; *Smith v. O'Grady, Warden,* 312 U.S. 329, 61 S Ct 572; 85 L Ed 85, *Mooney v. Holohan,* 294 U.S. 103, 113 – "That Constitution is the supreme law of the land," and [binds] "Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution."). It is an abridgement of not only my family's constitutional rights, but also a violation of humanitarian rights (a violation of the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007). (Please refer to **Exhibit M-12**).

  The Indigenous Choctaw Musgokee Yamassee Nation / Washitaw Muur/ Moor occupied this land called the United States long before the U.S. Department of Indian Affairs was formed. How can the Milwaukee County Circuit Court constrict the Indigenous Choctaw Musgokee Yamassee Nation / Washitaw Muur/ Moor to a registry of the U.S. Department of Indian Affairs, even though the Choctaw's appear in their website list of tribes?

<u>REQUEST FOR PRODUCTION OF DOCUMENT</u>

8. <u>This Court should intervene and prevent the prosecution and separation of the family from taking place because of his being of the Indigenous Choctaw</u>

Musgokee Yamassee Nation / Washitaw Muur/ Moor. Again, "Tribes have sole authority to determine their own membership. The state court may not substitute its own determination." (See the National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook, Indian Child Welfare Act (ICWA) Basics, page 5 in **Exhibit J**).

9. As a direct result of the Defendants' gross negligence, the Plaintiff has suffered undue stress, duress, and mental anguish for loss of security, breach of privacy, fraud, kidnapping of children, organized crime, and trespass by the Defendants.

10. The Plaintiff reserves the right to amend the immediate complaint at any time.

11. And further, the Plaintiff asserts that the Defendants will not be able to provide proof and prove such claims, and thus Plaintiff utters this request for relief.

## WHEREFORE

12. WHEREFORE, The Honorable Court Shall order the following:

13. This Honorable Court shall order the lower court to transfer the Milwaukee County Court – VRP Youth & Family Justice Center court cases "In The Interest Of" the children of Mr. Boon-Bey to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceedings pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b).

14. This Honorable Court shall order the lower court **to transfer** the Milwaukee County Court – VRP Youth & Family Justice Center court cases "In The Interest Of" the children of Mr. Boon-Bey **to** the Choctaw Musgokee Yamassee Nation Tribal Court all documents related to the court cases of Mr. Boon-Bey's children in order to properly adjudicate each court case.

15. The Defendant will be forever stopped from prosecuting or attempting to prosecute the Plaintiffs, returning all property of the Plaintiffs.

16. The Defendants will remit payment yet to be determined by federal statute to the Plaintiffs.

17. This Honorable Court shall order the lower court to correctly acknowledge the heritage and identity of Kevin Michael Boon-Bey and his children as being of the Choctaw Musgokee Yamassee Nation, Indigenous Washitaw Muur/Moors and correct the lower court record accordingly.

## JURY DEMAND

If this case goes to trial, I want a jury to hear my case.

## ALL CASE LAW MENTIONED WITHIN THIS DOCUMENT IS USED AS PRINCIPLE OF LAW ONLY. ALL STATUTES ARE USED AS PRINCIPLE OF LAW ONLY; IT IS ONLY USED TO SHOW THE INTENT OF THE LEGISLATURE.

UNDER PENALTIES OF PERJURY the undersigned, the free and original inhabitant, **Kevin: Michael: Boon-Bey**, a living Man, 'within' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject only to his laws, declares that he provided a copy hereof to be placed forwarded via HAND DELIVERY by Russ' Process Service of 4256 North 36th Street, Milwaukee, Wisconsin 53216 to:

> Audrey Skwierawski, Circuit Court Judge
> Milwaukee County Court – VRP Youth & Family Justice Center
> 10201 W. Watertown Plank Road, Room 2421
> Wauwatosa, Wisconsin 53226

> Ryan Sanson, Assistant District Attorney
> Milwaukee County Court – VRP Youth & Family Justice Center
> 10201 W. Watertown Plank Road
> Wauwatosa, Wisconsin 53226

Complaint signed this 10th day of July, 2019.

By: Living, Breathing,
Natural Born,
Free Man on the
Soil

By Kevin: Michael Boon-Bey
1314 S. 1st Street - #261
Milwaukee, Wisconsin 53204
(414) 218-2375

NOTICE: Using a notary on this document does not identify me as a fiction nor classify me as fictitious entity nor does it constitute any adhesion or any Hidden contracts, nor does it alter my status in any manner as a Living Breathing Man, BEing Live, BEing Liveing, BEing Aware. The purpose for notary is verification and identification only of a Living Man.

STATE OF WISCONSIN      )
                        ) SS:
COUNTY OF MILWAUKEE     )

BEFORE ME personally appeared Kevin: Michael: Boon-Bey who, being by me first duly sworn and personally known to me or identified in accordance with Wisconsin law, executed the foregoing in my presence the date last hereinabove appearing.

Signed this 10th day of July 2019.

_____       seal:
Notary Public Signature

Marian Cartagena
Notary Public Printed Name

9-14-19
Date Commission Expires

[Seal: MARIAH CARTAGENA, NOTARY PUBLIC, STATE OF WISCONSIN]