# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN MICHAEL BOON-BEY, ASB, a minor child, KMB, a minor child, KMB, JR., a minor child PIH, a minor child, and SMB, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>AUDREY SKWIERAWSKI and RYAN SANSON,<br><br>Defendants. | Case No. 19-CV-985-JPS<br><br>**SCHEDULING ORDER** |

On July 11, 2019, Plaintiffs filed their *pro se* complaint in this action. (Docket #1). On July 29, 2019, Defendants filed their answer. (Docket #5). The Court set a scheduling conference for August 22, 2019. (Docket #6). Shortly thereafter, Plaintiffs filed an amended complaint stating, *inter alia*, that Plaintiff Kevin Michael Boon-Bey ("Boon-Bey"), the only majority-aged plaintiff, is now incarcerated at the Milwaukee County Jail. (Docket #7). In light of this, the Court will vacate the upcoming scheduling conference and relieve the parties of their obligation to prepare a Joint Rule 26 Plan.

Consistent with the provisions found in Rule 1 of the Federal Rules of Civil Procedure, to ensure the orderly and timely disposition of this case, the Court adopts the following omnibus scheduling order:

**1.  Amendment of Pleadings**

Should the plaintiffs wish to amend their pleading to add or remove claims or parties, without leave of the Court, they may do so no later than

**Friday, September 20, 2019**. The plaintiffs should, however, be aware that Civil Local Rule 15 (E.D. Wis.) requires that "[a]ny amendments to a pleading…must reproduce the entire pleading as amended, *and may not incorporate any prior pleading by reference.*" Civil L. R. 15(a) (E.D. Wis.) (emphasis added).

A copy of Civil Local Rule 15 (E.D. Wis.) is included with this order.

**2. Motions to Dismiss**

Should the defendants wish to file a motion to dismiss, under Rule 12 of the Federal Rules of Civil Procedure, such motion, together with its briefs, is to be filed no later than **Friday, October 18, 2019**, and in accordance with Civil Local Rule 7 (E.D. Wis.).

If the defendants file a motion to dismiss, the plaintiffs are hereby warned that they must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or they may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Copies of Rule 12 of the Federal Rules of Civil Procedure and Civil Local Rule 7 (E.D. Wis.) are included with this order.

**3. Discovery**

All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **Friday, January 31, 2020**. The plaintiffs are instructed that discovery requests must be served on the defendant to whom they are directed by mail or other means of delivery. Simply filing discovery requests with the Court, either electronically or by mail, will not qualify as service of those requests pursuant to the Federal Rules of Civil Procedure.

The plaintiffs are further warned that they must respond to the defendants' requests for discovery in accordance with the applicable

Page 2 of 8

Case 2:19-cv-00985-JPS   Filed 08/20/19   Page 2 of 8   Document 8

procedural rules. Failure to do so may result in dismissal of this action. Civil L.R. 41(c).

**4.      Summary Judgment**

Any party to this action may move for summary judgment not later than **Friday, February 28, 2020**. Any party's request for summary judgment must conform with Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.). **This deadline is firm and will not be moved absent exceptional circumstances**.

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore, either party's failure to respond to a motion for summary judgment or otherwise comply with Civil Local Rules 7 and 56, may constitute grounds for the Court to grant the opposing party's motion for summary judgment.

Copies of Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.) are included with this order.

**5.      Trial**

Should a trial be necessary after resolution of any dispositive motions, the Court will set a trial date in the months of **June–July 2020**. The Court will simultaneously set other relevant deadlines, including the date for the final pretrial conference and for completion of the pretrial report. Those dates, once set, are firm and will not be moved for any reason. The parties will also be provided detailed instructions for trial practice in this branch of the Court, including instructions for completing the pretrial report.

In recognition of the Court's limited resources, and an ever burgeoning case load assigned to this branch of the Court, together with the

continued escalating costs associated with litigation generally, the Court finds it prudent to require that counsel and the parties seriously undertake all appropriate measures, including utilization of the services of a randomly-assigned magistrate judge or other outside third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and the parties wish to avail themselves of the services of the randomly-assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, immediate steps must be taken in the event counsel and the parties wish to jointly request that the Court make such a referral.

Accordingly, the Court finds it prudent to direct that counsel and the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly-assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. The Court will further direct that counsel for plaintiffs file under seal with the Court interim and final settlement reports generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. If, however, the plaintiffs continue to proceed *pro se*, then defense counsel is responsible for filing these reports electronically via CM/ECF, although the plaintiffs are nonetheless responsible for participating in the preparation of the reports. The interim report must be filed under seal on or before **Tuesday, February 25, 2020**. The deadline for filing the final settlement report will be set, if necessary, contemporaneously with the trial date.

Finally, the Court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a substantial commitment of time and resources, and the parties ought not treat the Court's directives lightly for in the final analysis adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

6. **Additional Instructions and Warnings**

    6.1. **Extensions of Time**

The parties are warned that in this branch of the Court, requests for extensions of time are rarely, *if ever*, granted, and then only in *exceptional* circumstances. For Boon-Bey, the fact that you may be subject to discipline or some other type of restriction, and thus prevented from completing legal work, is not by itself adequate grounds for the Court to grant an extension of time. The Court will not consider any motion based on disciplinary, medical, or any other type of restriction unless the plaintiff demonstrates that the restriction was not imposed due to his own misconduct. The Court further advises the parties that the motions *in limine* due date, final pretrial report due date, final pretrial conference date, and jury trial date, once set, are all firm and will not be moved for any reason. These policies are consistent with Rule 1 of the Federal Rules of Civil Procedure and the Court's prerogative to appropriately manage its case docket.

    6.2. **Motions for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and

Page 5 of 8

legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will reject any motion for appointment of counsel out of hand if the first element is not met. This requires, at minimum, that the plaintiffs solicit multiple attorneys for representation and that the plaintiffs attach evidence of their refusal to undertake representation to the motion. The Court further warns that the second element is rarely satisfied, and so the plaintiffs must show that their case is exceptionally complex to warrant potential counsel appointment. Finally, the Court notes that **no motions for appointment of counsel will be considered until after the close of discovery**.

### 6.3. Failure to Timely File

The plaintiffs are hereby warned that failure to make a timely submission or otherwise comply with the Court's orders may result in the dismissal of this action for failure to prosecute.

### 6.4. Submission of Material to Clerk's Office

The plaintiffs are also hereby reminded that they must submit all correspondence and legal materials to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Ave.
> Milwaukee, WI 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

**6.5. Service and Retention of Copies**

The plaintiffs are further reminded that they are required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document they file with the Court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk, the plaintiffs need not mail copies to the defendants. For any filings other than discovery requests, the defendants will be served electronically through the Court's electronic case filing system. The plaintiffs should also retain a personal copy of each document filed with the Court. If the plaintiffs do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any documents.

**6.6. Additional Information and Resources**

In addition to the various Federal Rules of Civil Procedure and Civil Local Rules that the Court has attached to this order, it has attached copies of two monographs prepared by court staff to address common questions that arise in prisoner and *pro se* civil litigation. These two monographs, entitled "Answers to *Pro Se* Litigants' Common Questions," and "Answers to Prisoner Litigants' Common Questions," contain a wealth of information that the plaintiffs may find useful in prosecuting this case.

Accordingly,

**IT IS ORDERED** that the scheduling conference set for August 22, 2019 (Docket #6) be and the same is hereby **VACATED**. The parties need not submit a Joint Rule 26 Plan. The dates set forth in this Order shall govern the case.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge