# EXHIBIT A

EXHIBIT A

```
STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY
                        BRANCH 04
----------------------------------------------------------
STATE OF WISCONSIN,

           Plaintiff,         CASE NO. 18-CF-5908

     vs.

KEVIN BOON,

           Defendant.

----------------------------------------------------------

          INITIAL APPEARANCE AND CASH BOND SET

----------------------------------------------------------

         BEFORE THE HONORABLE MICHAEL J. HANRAHAN
              CIRCUIT COURT JUDGE PRESIDING
                    DECEMBER 17, 2018




                    A P P E A R A N C E S:

MR. MATTHEW TORBENSON, Attorney at Law, appeared on
behalf of the State.

MR. CALVIN MALONE, Attorney at Law, appeared on behalf
of the Defendant.

MR. KEVIN BOON, Defendant, appeared in person.




                      DANIELLE N. HOLCOMB
                      Official Court Reporter
```

TRANSCRIPT OF THE PROCEEDINGS

THE COURT: *State of Wisconsin versus Kevin Boon*, case number 18-CF-5908. Count one is physical abuse of a child, repeated acts causing bodily harm, party to a crime. Count two, causing mental harm to a child as a party to a crime. Count three, chronic neglect of a child, consequence is bodily harm, party to a crime. Count four, chronic neglect of a child, consequence is emotional damage as a party to a crime. Count five is chronic neglect of a child, consequence is bodily harm, and count six, false imprisonment as a party to a crime.

This is an initial appearance. A copy of the complaint has previously been given to the defendant. The case is assigned to Judge Hanrahan in Branch 4. The defendant may qualify for public defender. There was, I believe, $10,000 previously posted as bail. Appearances, please?

MR. TORBENSON: Matthew Torbenson appears for the State. Good afternoon, your Honor.

MR. MALONE: Good afternoon, Judge. Calvin Malone appearing with Kevin Boon. Mr. Boon is present before the Court. Judge, so the Court understands the status, at this point, Mr. Boon was scheduled to appear in out of custody court this afternoon, and he did so,

1 and as is the protocol with my office, the Public
2 Defender's Office, I met with Mr. Boon to determine
3 whether or not he wishes to be represented by counsel.
4 And it was during the discussion that he and I had that
5 Mr. Boon decided that he did not want to be represented
6 by the Public Defender's Office, that at this point, I
7 think, he wished to be able to represent himself. And
8 when we went on the record before the Court Commissioner
9 in out of custody court, he then referred the matter
10 before you.
11     THE COURT: Okay. Thank you for that
12 background information, Mr. Malone. I'm not going to go
13 through a full self-representation colloquy with
14 Mr. Boon at this time, but -- because I don't believe
15 that it's necessary. But, Mr. Boon, you understand,
16 first of all, that you do have a right to be represented
17 by counsel in all of the legal proceedings relating to
18 those charges, and if you are indigent and are unable to
19 pay for an attorney yourself, an attorney can be
20 appointed and will be appointed to represent you. Do
21 you understand that?
22     THE DEFENDANT: Yes.
23     THE COURT: All right. And you understand
24 that the Public Defender's Office has indicated that it
25 would represent you, but is it correct as Mr. Malone

1  said, you are refusing to accept the representation of
2  the Public Defender's Office?
3      THE DEFENDANT: That's correct.
4      THE COURT: At this point we're having an
5  initial appearance on the case. Mr. Boon, you've been
6  provided with a copy of the criminal complaint, you have
7  that yourself.
8      THE DEFENDANT: Yes.
9      THE COURT: Okay. And I see you have a number
10 of files in front of you. I assume from that you're a
11 good reader, you know how to read pretty well.
12     THE DEFENDANT: Yes.
13     THE COURT: Okay. So you can read that
14 complaint if you decide to do so, and I would encourage
15 you to do that so that you understand the charges
16 against you, even though my clerk has just read off the
17 six counts that are named in the criminal complaint
18 against you, but I would encourage you to read the
19 entire criminal complaint because it contains certain
20 facts that the State is putting forth and asserting that
21 would support the six criminal charges that are made
22 against you and so I would strongly encourage you to
23 read that criminal complaint yourself so that you
24 understand what the State is saying you did that would
25 form the elements of the offense or form the elements

for those six offenses.

I'm also required to advise you of the maximums and minimums that are imposed on each one of these counts. For count one, the physical abuse of a child, repeated act causing bodily harm as a party to a crime, that's a class E felony, and it has a maximum fine of up to $50,000 or up to 15 years in prison or both. As to count two, mental harm to a child as a party to a crime, that's a class F felony and the maximum is a fine of up to $25,000 or up to 12 years and six months in prison. As to count three, chronic neglect of a child the consequence is bodily harm as party to a crime. It's, again, a felony, a class F felony. The maximum is a fine of up to $25,000 or up to 12 years and six months in prison or both. As to count four, chronic neglect of a child, consequence is emotional damage as party to a crime, that's a class E felony, and for that charge, you face a fine of up to $50,000, up to 15 years in prison, or both. As to count five, chronic neglect of a child, consequence is bodily harm, that also is a class F felony, and you face a maximum fine of up to $25,000 or up to 12 years and six months in prison or both.

As to count six, false imprisonment, party to a crime, that is a class H felony, and the maximum for

that charge is a fine of up $10,000 or up to six years in prison or both. So those are the maximums that those six charges have for each one of them.

All right. I am now reviewing the criminal complaint. I started reading it previously before the case was called. All right. The Court does find that the complaint does state probable cause based on my review of the facts alleged in the criminal complaint, and so I believe we need to set these matters for a preliminary hearing.

THE CLERK: And bail, Judge.

THE COURT: And bail.

MR. MALONE: Judge?

THE COURT: Yes.

MR. MALONE: I believe that the Court in advising Mr. Boon that he has certain rights, including the right to counsel, I would include the right to self-representation, and I think that at least as he has advised me, Mr. Boon wishes to represent himself in this matter. I have spoken with him earlier today this afternoon and spoke to him about the advantages and disadvantages, but it is his position and at this point to be able to represent himself, and so I think that to accomplish that, the Court will need to engage with Mr. Boon in a colloquy with respect to not only the

|     |                                                                      |
|-----|----------------------------------------------------------------------|
| 1   | advantages and disadvantages of self-representation, I               |
| 2   | think also develop a record with respect to Mr. Boon's               |
| 3   | educational background, health background, mental health             |
| 4   | just so that it's clear. I think that that's what this               |
| 5   | Court needs to do at this point.                                     |
| 6   | THE COURT: I don't know if I need to do that                         |
| 7   | today. I agree I would need to do that before the                    |
| 8   | preliminary hearing if he were to represent himself at               |
| 9   | the preliminary hearing. We actually do have some time               |
| 10  | left today before the end of the day. So...                         |
| 11  | MR. MALONE: If I could just have a moment.                           |
| 12  | THE COURT: Sure.                                                     |
| 13  | MR. MALONE: Judge, I talked to counsel about                         |
| 14  | the matter. I think that maybe the Court was on target               |
| 15  | in terms of maybe allowing Mr. Boon an opportunity to                |
| 16  | reflect on a decision.                                               |
| 17  | THE COURT: Okay. Yeah. That's -- Mr. Boon,                           |
| 18  | I'm just going to have a quick discussion with you. Let              |
| 19  | me tell you how it goes. I think Mr. Malone probably                 |
| 20  | talked to you a little bit about this already, but in a              |
| 21  | criminal case, here you have probably one of the most                |
| 22  | experienced district attorneys in the entire Milwaukee               |
| 23  | County District Attorney's Office who will be handling               |
| 24  | the case on behalf of the State of Wisconsin. And so                 |
| 25  | that attorney went to law school and attended law school             |

and graduated, learned all the different procedural and substantive law issues.

That attorney then started practicing here in Milwaukee County in the District Attorney's Office and has practiced for years and years, trying all different kinds of cases, handling all different kinds of motions, the rules of evidence, all the procedural rules in the course. He understands all the different jury instructions that can apply to different types of cases. He has picked juries. He's argued cases in front of juries and closing arguments and understands all the ins and outs of handling a case in court. A case that's going to trial.

You, on the other hand, have not gone to law school. You've not been trained in the substantive and procedural law. You've never handled a jury trial. You've never picked a jury. You don't know anything about the jury instructions at this point, and I can just tell you, you're at an extreme disadvantage in trying the case against a very experienced attorney. And if you had your own attorney, then the playing field is levelled.

But, you know, it'd be like getting into a foot race with another person who's very strong and fast, but in that foot race, you'd start with one of

your legs tided up behind your back and you're hopping on one leg. That's an analogy of the disadvantage of one party having no experience in a courtroom trying a criminal trial against a very experienced lawyer. When you have two experienced lawyers, then the playing field is level. You can talk with the lawyer, make decisions and strategy decision with the lawyer, but if you don't have that lawyer to talk with, ask questions about legal procedure and rules of evidence and all that, you're at a real disadvantage, and it's something that can continue from the start of a case, all the way right through the finish of the trial and the sentencing in a case. You're at a disadvantage at every single stage in the case.

So I really strongly encourage you to think about this because I read off the maximum prison time in each one of these cases and, you know, when you add it all up, I see that you're about 40, maybe 47 years old right now; is that right?

THE DEFENDANT: Yes.

THE COURT: Okay. If you're convicted of all the charges in this case, the maximum would put you probably in prison until you're dead. So the seriousness of the case for a person your age can't be underestimated. And so I really would strongly

encourage you to consider that question of whether or not to have an attorney. It's your life. It's your life. You could be put at a disadvantage and lose the case just because of your inexperience and spend the rest of your life in prison or you could have an attorney represent you, level the playing field, and have a shot of successfully defending against the charges.

It's your decision, ultimately. I would have to go through a number of questions so I'd satisfy myself you're capable of representing yourself. I'm not going to do that today, but I really would strongly encourage you to think about that very hard. Because once the case gets tried, that's the one time you get to do it. You don't get a do-over. Do you understand that, Mr. Boon?

THE DEFENDANT: Yes.

THE COURT: We try the case and you do it yourself, that's it, that's the only time it happens. One of the things you can't do is say my counsel was ineffective because it's all on you. Actually, one of the things if you have a lawyer represent you, the lawyer doesn't do a good job, one of the things you can say to the Court of Appeals is my lawyer did a bad job, he missed all these issues. It was ineffective

assistance of counsel.  When you represent yourself, you can't make that argument because it's all on you.  I will already have made a record as I did today that you're -- you understand you're at a disadvantage and you don't know what you're doing in the courtroom, and that probably will remain the case when we get up to a trial as well.

So that's all I'm going to say at this point.  We'll address this issue later.  I would really have a serious discussion with Mr. Malone and seriously consider that issue because you really do yourself a disservice by not having counsel in the case.  All right.  Madam clerk, let's look for a preliminary hearing date in the statutory time limit.

THE CLERK:  It is a codefendant case.

MR. TORBENSON:  The codefendant is scheduled for January 7th of 2019, which is one day outside of the time limits.  That defendant waived the time limits.

THE COURT:  Mr. Boon, would you like to have the hearing on the same date as the codefendant, Felicia Boon?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And so you waive that time limit.  That's a day over the statutory time limit.  You waive that limit to have it on the same date?

1      THE DEFENDANT: Yep.
2      THE COURT: All right. Very good. Thank you.
3 All right. Let's set it for the same date, then.
4      THE CLERK: Judge, you still need to set bail.
5      THE COURT: Okay. Then we need to have bail.
6 Mr. Torbenson, I believe I thought bail had been set
7 already.
8      MR. TORBENSON: $10,000 cash bail was posted
9 by the defendant before charges were formally brought.
10 This was a case where I would have sought higher cash
11 bail if the defendant remained in custody. He did
12 appear today. Because of that fact, I am not asking the
13 Court to raise the bail from the $10,000 cash bail.
14 What I can also tell the Court because I've had concerns
15 about the children that are involved in this case, the
16 commissioner did already take the steps of issuing a no
17 contact order down in out of custody intake court so
18 that matter has been handled. I'd just ask that bail
19 remain at $10,000 cash.
20      THE COURT: And all other conditions remain?
21      MR. TORBENSON: Yes, please.
22      THE COURT: All right. That's what I will do.
23 So cash bail remains set at $10,000. The no contact
24 provision and all other conditions of bail remain the
25 same. As the commissioner told you I assume, Mr. Boon,

if you don't follow the conditions of bail, for example, if you seek out and try to have contact with these children or, you know, confront them and have contact with them, that would be a violation of your conditions of bail. One of the first things I do, people violate their conditions of bail is I forfeit the bail that they've posted and I can increase it to a greater amount. So, for example, I could forfeit the $10,000 and that means it would just go into the state treasury, and I could say now your bail is $20,000, and you got to come up with new cash. That's one of the things I could do.

Also, if you were to violate the condition of bail, it could and likely would result in a charge of bail jumping, which is a new and separate criminal offense, and if there's any offensive contact, such as a battery, if you hit a child or something like that, then there'd probably be another new charge as well. So I'm just telling you these things so you understand how serious the rules of bail are, and that you need to follow them. Okay. All right. Madam Clerk, what is the next court date?

THE CLERK: Next court date will be for preliminary hearing on January 7th at 8:30.

THE COURT: All right. Well, my clerk has

advised me off the record that she doesn't see conditions of bail so I'm going to order level five supervision so that means weekly appointments with Justice Point and that as a part of those, that there be random drug tests as Justice Point believes appropriate. Also, no possession of any firearms or dangerous weapons and no contact with the victims as indicated in the complaint. Also, no possession of any -- no possession or use of any controlled substances without a valid prescription and maintain absolute sobriety. Okay. Those are the conditions of bail. I'm entering a pretrial release condition order indicating those conditions.

So, Mr. Boon, I'm going to order that you go to Justice Point tomorrow and establish contact. They'll assign an agent to be your condition of bail agent, and they will set appointments with you. That's the person you'll be in contact with. I'm ordering you to go to Justice Point tomorrow. They have their office in the safety building, and you're to go there and check in and establish contact with Justice Point then. All right. Thank you.

(Whereupon, the proceedings concluded.)

STATE OF WISCONSIN )

                     ) S.S.

MILWAUKEE COUNTY )


       I, DANIELLE N. HOLCOMB, Official Court Reporter, do hereby certify that I have reported the foregoing proceedings; that the same is true and correct as reflected by my original machine shorthand notes taken at said time and place.


                               Dated August 16, 2019

                               *Danielle N. Holcomb* (signature)

                               Danielle N. Holcomb