
  

IN THE UNITED STATES DISTRICT COURT
IN AND FOR EASTERN DISTRICT OF WISCONSIN

Case No. **19-C-0985**

Judge: Stadtmueller



Kevin: Michael: Boon-Bey,
~~Anjinay Sharee Boon~~, A Minor Child,
~~Katelyn Mekayla Boon~~, A Minor Child,
~~Kevin Michael Boon Jr.~~, A Minor Child,
~~R————————~~, A Minor Child,
~~S———— Marie Boon~~, A Minor Child,
Plaintiffs,

v.

Audrey Skwierawski,
Ryan Sanson,
Defendants.
_____/

## JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT

I. BRIEF STATEMENT OF CLAIM

1. The Plaintiffs, Kevin: Michael: Boon-Bey and his five (5) minor children, bring this court action against State Juvenile Court Judge Audrey Skwierawski and State Assistant District Attorney Ryan Sanson.

2. The Plaintiff, Kevin: Michael: Boon-Bey, is competent to testify and being over the age of 21 years, makes special appearance, *In Propria Persona* in the immediate case.

3. The minor children of the immediate case are the subjects of state juvenile court proceedings.

4. The Plaintiff, Kevin: Michael: Boon-Bey, is free and original inhabitant, a living Man, 'within' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United



States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject only to his laws.

5. The minor children's race has been inappropriately recorded in the court cases for family members as being "Black" and/or African American. The Boon-Bey family members are not "Black" and/or African American. They are not negroes and/or African American. The children, as well as their father as previously stated, are of the Choctaw Musgokee Yamassee Nation, Indigenous Washitaw Muur/Moors.

6. On July 3, 2019, the father, Kevin Michael Boon-Bey, filed a "Motion to Transfer Jurisdiction and Dismiss" the cases in the Milwaukee County Court – VRP Youth & Family Justice Center to transfer these actions to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceedings pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b), pursuant to the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007), pursuant to the Treaty Of Savannah 1733, pursuant to the Treaty Of Camp Holmes 1835, and pursuant to the organic agreements of the Declaration of Independence, 1776; the Bill of Rights, 1789 & R1791; the Northwest Ordinance, 1787; the Articles of Association, 1774; the U.S. Constitution, Article VI, 1787; the Articles of Confederation, 1778 & R1781; the U.S./Morocco Treaty of Peace and Friendship, 1786; the U.S./Morocco Treaty of Peace and Friendship, 1836; The Wisconsin State Constitution; and the Maxims of Equity.

7. Furthermore, the Milwaukee County Court – VRP Youth & Family Justice Center ordering a competency evaluation with the results of the competency evaluation being used in the lower court is a violation of Kevin Michael Boon-Bey's constitutional rights. Anything he might say in the competency evaluation could be used against him in court.

8. The Indian Child Welfare Act does not require the parent who is a tribal member and who makes a motion to transfer jurisdiction in state court to submit to a competency evaluation.

## II. RELATED CASES

Kevin Michael Boon-Bey petitioned the Court to transfer the following court cases filed in Milwaukee County Circuit Court – VRP Youth & Family Justice Center to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceeding pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b):

A. Milwaukee County Case Number 2018JC001021, DA Case Number 2018MJ002870 - In the Interest of ███████, A Minor Child;
B. Milwaukee County Case Number 2018JC001022, DA Case Number 2018MJ002871 - In the Interest of ███████, A Minor Child;
C. Milwaukee County Case Number 2018JC001023, DA Case Number 2018MJ002872 - In the Interest of ███████, A Minor Child;
D. Milwaukee County Case Number 2018JC001020, DA Case Number 2018MJ002869 - In the Interest of ███████, A Minor Child; and
E. Milwaukee County Case Number 2018JC001024, DA Case Number 2018MJ002873 - In the Interest of ███████, A Minor Child.

## III. MATERIAL FACTUAL AND LEGAL ISSUES FOR TRIAL

As a Moorish American National and pursuant to Rule 21 of the Federal Criminal Procedure, pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b), pursuant to the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007), pursuant to the Treaty Of Savannah 1733, pursuant to the Treaty Of Camp Holmes 1835, and pursuant to the organic agreements of the Declaration of Independence, 1776; the Bill of Rights, 1789 & R1791; the Northwest Ordinance,

1787; the Articles of Association, 1774; the U.S. Constitution, Article VI, 1787; the Articles of Confederation, 1778 & R1781; the U.S./Morocco Treaty of Peace and Friendship, 1786; the U.S./Morocco Treaty of Peace and Friendship, 1836; The Wisconsin State Constitution; and the Maxims of Equity – these protections should have protected the entire family, keeping the family intact. These protections are to give this Court the opportunity to make a lawful determination of the matter, avoiding victimization as described in Rule 60 of the Federal Rules of Criminal Procedure.

Instead, the lower court ignored Rule 21 of the Federal Criminal Procedure, ignored the organic documents which are identified above and exhibited as **Exhibits M-1 through M-14** of the Verified Complaint of the immediate case, and ignored the Indian Child Welfare Act, falsely charged and falsely convicted both parents, ignored (disregarded) my status as a Moorish American National, and seized the free and original inhabitant, Kevin: Michael: Boon-Bey, a living Man, an Indigenous Choctaw/ Washitaw Muur/ Moor. This seizure of both parents, wrongly incarcerating them, victimizes all the children of Kevin: Michael: Boon-Bey, separating them from their parents, a violation of Rule 60 of the Federal Rules of Criminal Procedure.

This victimization process of wrongfully detaining the undersigned is already underway, moving the undersigned toward the perceived threat made from the bench of the lower court.

The Milwaukee County Circuit Court fails to comply with or refuses to comply with the Indian Child Welfare Act with regard to Mr. Boon-Bey's children in spite of the law stating, "Tribes have sole authority to determine their own membership. The state court may not substitute its own determination." However, this complaint is not just about the lower court violating the Indian Child Welfare Act. It is also about those in official capacities at the Milwaukee County Circuit Court, Judge Skwierawski and Assistant District Attorney Ryan Sanson, abridging Kevin Michael Boon-Bey constitutional rights and that of his children. This

complaint also encompasses the original organic agreements, which includes several treaties, made between the United States and my people, the Choctaw Musgokee Yamassee Nation. The strategy of the lower court is malicious and treasonous in that the judge in the lower court is warring with the supreme law of the land by abridging of Mr. Boon-Bey's unalienable rights. (See *In re Sawyer, 124 U.S. 200 [1888]* – "If a judge does not fully comply with the Constitution, then his orders are void."; *Marbury v. Madison,* 5 U.S. 137 – "The courts of the United States are bound to take notice of the constitution."; *Smith v. O'Grady, Warden,* 312 U.S. 329, 61 S Ct 572; 85 L Ed 85, *Mooney v. Holohan,* 294 U.S. 103, 113 – "That Constitution is the supreme law of the land," and [binds] "Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution."). It is an abridgement of not only my family's constitutional rights, but also a violation of humanitarian rights (a violation of the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007).

The Indigenous Choctaw Musgokee Yamassee Nation / Washitaw Muur/ Moor occupied this land called the United States long before the U.S. Department of Indian Affairs was formed. How can the Milwaukee County Circuit Court constrict the Indigenous Choctaw Musgokee Yamassee Nation / Washitaw Muur/ Moor to a registry of the U.S. Department of Indian Affairs, even though the Choctaw's appear in their website list of tribes? It is my understanding that the only tribes who are listed with the Bureau of Indian Affairs are those tribes who have applied for "gaming" licenses (for the operation of casinos) or tribes that are receiving a stipend (funds) from the United States government. The Chata/Choctaw Musgokee Yamassee Nation has chosen not to engage in "gaming" nor to receive stipends from the United States government. The Chata/Choctaw Musgokee Yamassee Nation is independent and self-regulating, belonging to other independent and self-regulating tribes forming confederations with each other.




## IV. CONCLUSION

The undersigned objects to the Joint Preliminary Pretrial Conference Report submitted by the Assistant Attorney General, David C. Rice. If given the opportunity, I can refine and provide a more complete Preliminary Pretrial Conference Report. Incarceration makes it very difficult to do a more complete job.

Meanwhile, as victims, my children are suffering. This Court should intervene and prevent the prosecution and separation of the family from taking place because of his being of the Indigenous Choctaw Musgokee Yamassee Nation / Washitaw Muur/ Moor. Again, "Tribes have sole authority to determine their own membership. The state court may not substitute its own determination." (See the National Council of Juvenile and Family Court Judges (NCJFCJ) - Indian Child Welfare Act Judicial Benchbook, Indian Child Welfare Act (ICWA) Basics, page 5). As a direct result of the Defendants' gross negligence, the Plaintiffs have suffered undue stress, duress, and mental anguish for loss of security, breach of privacy, fraud, kidnapping of children, organized crime, and trespass by the Defendants. The Plaintiffs reserve the right to amend the immediate complaint at any time. The Plaintiffs assert that the Defendants will not be able to provide proof and prove such claims, and thus Plaintiffs utter this request for relief.

The following is requested of this Court:

1. This Honorable Court shall order the lower court to transfer the Milwaukee County Court – VRP Youth & Family Justice Center court cases "In The Interest Of" the children of Mr. Boon-Bey to the Choctaw Musgokee Yamassee Nation Tribal Court, Issuing Authority R0033X3 – SG08261975000111976, c/o 48999 212th West, Lancaster, California 93536, and to dismiss the state court proceedings pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1911(b), pursuant to the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007), pursuant to the Treaty Of Savannah 1733, pursuant to the Treaty Of Camp Holmes 1835, and pursuant to the organic agreements of the Declaration of Independence, 1776; the Bill of Rights, 1789 & R1791; the Northwest Ordinance, 1787; the Articles of Association, 1774; the U.S. Constitution, Article VI, 1787; the Articles of Confederation, 1778 & R1781; the U.S./Morocco Treaty of Peace and Friendship, 1786; the U.S./Morocco Treaty of Peace and Friendship, 1836; The Wisconsin State Constitution; and the Maxims of Equity.

 

2. This Honorable Court shall order the lower court **to transfer** the Milwaukee County Court – VRP Youth & Family Justice Center court cases "In The Interest Of" the children of Mr. Boon-Bey **to** the Choctaw Musgokee Yamassee Nation Tribal Court all documents related to the court cases of Mr. Boon-Bey's children in order to properly adjudicate each court case.

3. The Defendant will be forever stopped from prosecuting or attempting to prosecute the Plaintiffs, returning all property of the Plaintiffs.

4. The Defendants will remit payment yet to be determined by federal statute to the Plaintiffs.

5. This Honorable Court shall order the lower court to correctly recognize and acknowledge the heritage and identity of Kevin Michael Boon-Bey and his children as being of the Choctaw Musgokee Yamassee Nation, Indigenous Washitaw Muur/Moors and correct the lower court record accordingly.

6. This Honorable Court shall order the lower court to stay the prosecution in its cases. All hearings in the lower court shall be stayed, and all court-ordered office visits with Justice Point shall be stayed.

7. This Honorable Court shall order the lower court to immediately release both parents of the children, Kevin Michael Boon-Bey and Felicia J. Boon, from the Milwaukee County Jail while a final determination of this Court is made for the immediate case and for Case Number 19-C-1006.

8. If this case goes to trial, I want a jury to hear my case.

**ALL CASE LAW MENTIONED WITHIN THIS DOCUMENT IS USED AS PRINCIPLE OF LAW ONLY. ALL STATUTES ARE USED AS PRINCIPLE OF LAW ONLY; IT IS ONLY USED TO SHOW THE INTENT OF THE LEGISLATURE.**

UNDER PENALTIES OF PERJURY the undersigned, the free and original inhabitant, **Kevin: Michael: Boon-Bey**, a living Man, 'within' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject only to his laws, declares that he provided a copy hereof to be placed forwarded via US Mail to:

  

Assistant Attorney General David C. Rice
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857

Signed this 30th day of August, 2019.

By: Living, Breathing, Natural Born Moor, Free Man on the Soil

By Kevin: Michael: Boon-Bey, Moor
c/o Milwaukee County Jail
c/o Milwaukee, Wisconsin

NOTICE: Using a notary on this document does not identify me as a fiction nor classify me as fictitious entity nor does it constitute any adhesion or any Hidden contracts, nor does it alter my status in any manner as a Living Breathing Man, BEing Live, BEing Liveing, BEing Aware. The purpose for notary is verification and identification only of a Living Man.

STATE OF WISCONSIN )
) SS:
COUNTY OF MILWAUKEE )

BEFORE ME personally appeared Kevin: Michael: Boon-Bey who, being by me first duly sworn and personally known to me or identified in accordance with Wisconsin law, executed the foregoing in my presence the date last hereinabove appearing.

Signed this __30__ day of __August__ 2019.

_____
Notary Public Signature

seal:

__MARK A. SCHOENFELDT__
Notary Public Printed Name

__15 permanent__
Date Commission Expires