IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KEVIN MICHAEL BOON-BEY, A. B., a
minor child, K. B., a minor child, K. M. B.
JR., a minor child, P. H., a minor child,
and S. B., a minor child,

      Plaintiffs,

    v.                                Case No. 19-C-0985

AUDREY SKWIERAWSKI and
RYAN SANSON,

      Defendants.

**BRIEF IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS**

## STATEMENT OF THE CASE

The Plaintiffs, Kevin Michael Boon-Bey and his five minor children, filed this action on July 11, 2019, against Defendant Audrey Skwierawksi, a Milwaukee County Circuit Court judge, and Defendant Ryan Sanson, a Milwaukee County Assistant District Attorney (ADA). Judge Skwierawski is the presiding judge and ADA Sanson is the prosecutor in separate state juvenile court (child in need of protective services) proceedings involving the five minor children.

During a June 4, 2019 hearing in the state court juvenile proceedings, when Boon-Bey elected to proceed without counsel, Judge Skwierawski ordered that Boon-Bey undergo an evaluation to determine whether he was competent to proceed without counsel. (Dkt. 1-3: 15-16.) Judge Swierawski indicated that she would appoint a guardian ad litem to assist Boon-Bey if he were found to be incompetent. (Dkt. 1-3: 16.) Judge Skwierawski further determined that the provision of the Indian Child Welfare Act (ICWA) did not apply in the state juvenile court proceedings. (Dkt. 1-3: 24.)

On July 3, 2019, Boon-Bey filed motions to dismiss the state juvenile court proceedings, and to transfer them to the Choctaw Musgokee Yamassee Nation Tribal Court at 48999 212th West, Lancaster, California, pursuant to the ICWA, 25 U.S.C. § 1911(b). (Dkt. 1-2: 59-62, 86-89, 113-16, 140-43, 167-70.) Boon-Bey alleged that he was an enrolled member of the Choctaw Muskogee Yamassee Nation, the Choctaw Muskogee Yamassee Nation is an "Indian tribe" as defined by the ICWA, see 25 U.S.C. § 1903(8), the minor children were eligible for membership in the Tribe and were "Indian child[ren]" within the meaning of the ICWA, see 25 U.S.C. 1903, the state juvenile court proceeding was a "child custody" proceeding as defined by the ICWA, see 25 U.S.C. § 1903(1), and transfer of the state court proceeding to the Tribal court was required by the ICWA, see 25 U.S.C. § 1911(b). (Dkt. 1-2: 60-61, 87-88, 114-15,

141-42, 168-69.) Judge Skwierawski postponed a decision on the motions pending the results of the court-ordered competency evaluation. (Dkt. 1:5.)

Boon-Bey asks this court to order the Milwaukee County Juvenile Court to dismiss the court proceedings involving the minor children and to transfer the proceedings to the Choctaw Muskogee Yamassee Nation Tribal Court. (Dkt. 1: 13.) He further asks the court to stop Defendant Sanson from prosecuting or attempting to prosecute the Plaintiffs. (Dkt. 1: 13.) He further asks the court to order the Defendants to return of all property of the Plaintiffs, and to remit payment to the Plaintiffs in an amount "yet to be determined by federal statute."

The Choctaw Muskogee Yamassee Nation is not an Indian tribe recognized by the United States Bureau of Indian Affairs. *See* https://www.federalregister.gov/documents/2019/02/02/2019-00897/indian-entities-recognized-by-and-eligible-to-receive-services-from-the-united-states. Further, a simple internet search discloses that there is no Choctaw Musgokee Yamassee Nation Tribal Court located at 48999 212th West, Lancaster, California 83536.

The Defendants have moved the court to enter judgment on the pleadings on the grounds of Eleventh Amendment immunity, prosecutorial immunity, judicial immunity, qualified immunity, and failure to state a claim

3

upon which relief can be granted. They respectfully submit this brief in support of the motion.

## ARGUMENT

### I. ELEVENTH AMENDMENT IMMUNITY BARS THIS ACTION FOR DAMAGES AGAINST THE DEFENDANTS.

The Eleventh Amendment to the United States Constitution denies federal courts the authority to entertain suits brought by private parties against a state without the state's consent. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Eleventh Amendment immunity extends to state agencies, officials and employees when they are sued for damages in their official capacity. *See Graham,* 473 U.S. at 169. Accordingly, the Eleventh Amendment bars this action against the Defendants for damages in their official capacity.

### II. PROSECUTORIAL IMMUNITY BARS THIS ACTION AGAINST DEFENDANT SANSON.

Prosecutors are immune from civil suits for prosecutorial acts that are intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 422-428, 430 (1976). Prosecutorial immunity is based upon the same considerations that underlie judicial immunity. *See id.*, 424 U.S. at 422-423. These considerations include "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would

4

shade his decisions instead of exercising the independence of judgment required by his public trust." *See id.*, 424 U.S. at 423.

In this case, Defendant Sanson was the prosecutor in the juvenile court proceedings. Insofar as the Plaintiffs' claims concern the prosecution of the juvenile court proceedings, the claims against Defendant Sanson are barred by prosecutorial immunity.

### III. JUDICIAL IMMUNITY BARS THIS ACTION AGAINST DEFENDANT SKWIERAWSKI.

Judges are immune from civil suits for their judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is premised upon the "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *See Stump* at 355 (*quoting Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 347, 20 L. Ed 646 (1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *See Id.* at 356-57 (*quoting Bradley*, 13 Wall. at 351). The scope of the judge's jurisdiction must be construed

5

broadly where the issue concerns the judge's immunity from liability. *See Id*. The doctrine of judicial immunity even extends to federal civil rights actions. *See Id*.

In this case, the Plaintiffs do not challenge any act by Defendant Skwierawski that is not a judicial act. Consequently, this action against Defendant Skwierawski is barred by judicial immunity.

**IV. QUALIFIED IMMUNITY BARS THIS ACTION AGAINST THE DEFENDANTS.**

Government officials performing discretionary functions have qualified immunity from suit insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity issues must be resolved at the earliest possible stage in litigation because it entails immunity from suit and not merely immunity from liability. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Since the discretionary conduct of the Defendants in prosecuting and adjudicating the state juvenile court proceedings does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, this action is barred by qualified immunity.

## V. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Plaintiffs make two claims in their complaint. First, they argue that the state juvenile court lacked authority to order Boon-Bey to undergo a competency evaluation (regarding whether he could proceed without counsel) because he would not be required to undergo such an evaluation in a tribal court. Plaintiffs do not argue that the order otherwise was unlawful. What could or could not be ordered in a tribal court is simply irrelevant to what properly may be ordered in a state court proceeding.

Second, the Plaintiffs argue that Judge Skwierawski was required by the ICWA, *see* 25 U.S.C. § 1911(b) to transfer the state juvenile court proceedings involving the minor children to the Choctaw Musgokee Yamassee Nation Tribal Court located at 48999 212th West, Lancaster, California 83536. But the Choctaw Musgokee Yamassee is not a recognized Indian tribe, and there is no such tribal court located at the address stated in the complaint. Hence the complaint fails to state a claim upon which relief can be granted.

7

# CONCLUSION

The Defendants respectfully request that the court enter judgment dismissing this action.

Dated at Madison, Wisconsin, this 15th day of October, 2019.

> JOSHUA L. KAUL
> Wisconsin Attorney General
>
>
> s/David C. Rice
> DAVID C. RICE
> Assistant Attorney General
> State Bar #1014323
>
> Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-6823
(608) 267-8906 (Fax)
ricedc@doj.state.wi.us