

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 OCT 25 A 10: 39
STEPHEN C. DRIES
CLERK


IN THE UNITED STATES DISTRICT COURT
IN AND FOR EASTERN DISTRICT OF WISCONSIN

Case No. **19-C-0985**

Judge: Stadtmueller

Kevin: Michael: Boon-Bey,
Anajanay Sheree Boon, A Minor Child,
Katelyn Makayla Boon, A Minor Child,
Kevin Michael Boon Jr., A Minor Child,
Paris Ive-Lee Hickembottom, A Minor Child,
Sherry Marie Boon, A Minor Child,
Plaintiffs,

v.

Audrey Skwierawski,
Ryan Sanson,
Defendants.
_____/

## OBJECTION

The opportunity has finally presented itself for me to communicate with this court concerning this case. Thanks to my family, we have managed to put together this document informing the court of my situation.

I am in receipt of Mr. David C. Rice's "Brief in Support of Motion for Judgment on the Pleadings" dated October 15, 2019. Mr. Rice identifies himself as Assistant Attorney General for the Wisconsin Department of Justice. I not only vigorously object to said filing of Mr. Rice, but also to the "Scheduling Order" of this court, dated August 20, 2019.

I am now informing this court of the barriers to silence me from effectively defending myself and my family. Presently, I am incarcerated at Dodge Correctional Institution, P.O. Box 700, Waupun, Wisconsin 53963-0700. My requests to those who have me confined have fallen on "deaf ears." I have been denied dependable access to mail service (incoming and outgoing), denied use of telephone service for handling matters related to this case and the circuit court cases, denied access and restricted access to the law library and other legal resources in order to effectively address the

1




court, denied access to court records (both in the circuit court and this court), and denied access to a notary public. The tactics of Mr. Rice and those who work with him in state and local government have effectively muzzled my efforts to be compliant and responsive to this court's requirements. Thus, my objection is made regarding this court's "Scheduling Order" of August 20, 2019. I ask that this court revise the "Scheduling Order" and assist me to correct those deficiencies listed above.

I want to make it clear to this court and for the record that I have never questioned the ethics or the integrity of Mr. Rice, until now. His challenge as to the legitimacy of the Choctaw Muskogee Yamassee Nation in his "Brief in Support of Motion for Judgment on the Pleadings" was both offensive and insulting. His description of how he went about doing his "due diligence" falls way short of doing a legitimate search for the truth. Limiting his research to an "simple internet search" was sorely deficient at best. His description of how he went about verifying the existence of the Choctaw Muskogee Yamassee Nation speaks to someone who, with his eyes closed shut, DOES NOT WANT to learn the truth. I might suggest to Mr. Rice that a sorely deficient simple search on the internet is not a dependable method of doing research. Instead, as in this case, such efforts lack credibility and are not legitimate. Is Mr. Rice ill-informed or incompetent? What principles does Mr. Rice embrace? I would assume that he affirmed to uphold the U.S. Constitution in his oath of office.

Principal Chief of the West Coast Choctaw Musgokee Yamassee Nation, Rawsheed Stone Coyote Patton, affirms, "We are a people of treaty."[1]

The U.S. Constitution, Article VI, 1787, states the following: "…This

---

[1] The Choctaw Musgokee Yamassee Nation is a people of treaty, pursuant to and protected by the Indian Child Welfare Act, 25 U.S.C. § 1911(b), pursuant to the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP 2007); pursuant to the **Treaty Of Savannah 1733**; pursuant to the **Treaty with the Delawares** (A.K.A. **Treaty of Fort Pitt), 1778**; pursuant to the **Treaty with the Creeks, 1790**; pursuant to the **Treaty with the Cherokee, 1791**; pursuant to the **Treaty with the Six Nations, 1784**; pursuant to the **Treaty Of Camp Holmes 1835**; and pursuant to the organic agreements of the Declaration of Independence, 1776; the Bill of Rights, 1789 & R1791; the Northwest Ordinance, 1787; the Articles of Association, 1774; the U.S. Constitution, Article VI, 1787; the Articles of Confederation, 1778 & R1781; the **U.S./Morocco Treaty of Peace and Friendship, 1786**; the **U.S./Morocco Treaty of Peace and Friendship, 1836**; The Wisconsin State Constitution.

  

Constitution, and the laws of the United States which shall be made in pursuance thereof; **and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby**, anything in the Constitution or laws of any State to the contrary notwithstanding...." [**Emphasis Mine**].

I will point out to Mr. Rice and to this court that on August 9, 2019, the United States District Court for the Northern District of Texas, Fifth Circuit Court of Appeals, published its decision in *Brackeen v. Bernhardt* (Case No. 18-11479) in which the federal court ruled on the challenge to the Indian Child Welfare Act (ICWA). The court's decision affirmed the constitutionality of ICWA, recognizing the unique political status of tribal nations and upholding the federal law that is critical to safeguarding Indian child welfare. Intervening tribes in the case were the Cherokee Nation, Morongo Band of Mission Indians, the Navajo Nation, the Oneida Nation, and the Quinault Indian Nation. Others who joined this fight were the Bureau of Indian Affairs and the Department of Justice. The court REVERSED the district court's grant of summary judgment to the Plaintiffs and RENDERED judgment in favor of the Defendants.

With regard to Mr. Rice's reference to Judge Audrey Skwierawski's order for me to undergo an evaluation, I will state the following facts for the record:

On July 8, 2019, the judge hearing each child's case, Judge Audrey Skwierawski, suspended her decision on each motion, postponing a final decision until July 30, 2019 – August 1, 2019. Judge Skwierawski made the statement in the July 8 hearing that she wants to see the results of the ordered competency evaluation, which is not a requirement of the Indian Child Welfare Act. It should also be noted that I was cautious about doing a competency evaluation with someone (a psychologist) whose loyalties are to the court and who is on the court's "payroll."

However, on July 10, 2019, an evaluation was performed on me.

Mr. Rice said nothing in his "Brief in Support of Motion for Judgment on the Pleadings" that indicates Judge Skwierawski has not appointed a guardian ad litem for me. Contrary to his "Brief in Support of Motion for Judgment on the Pleadings," it

3

Case 2:19-cv-00985-JPS    Filed 10/25/19    Page 3 of 5    Document 16

appears to me that case law (for example, *Brackeen v. Bernhardt*) supports the claim that the Indian Child Welfare Act does indeed apply to the state juvenile court proceedings. For reasons that only Mr. Rice can provide, he failed to say or refused to say the results of the competency evaluation support my right to represent myself and to be myself in court. The assessment states: "Mr. Boon-Bey **does not lack** substantial mental capacity to understand the proceedings. There does not appear to be any concerns related to his education, literacy, fluency in English, or disability that may affect his ability to communicate a defense."

The question remains: What was the point in Mr. Rice mentioning Judge Skwierawski's threat of possibly appointing a guardian ad litem for me in his "Brief in Support of Motion for Judgment on the Pleadings," and his questioning whether the Indian Child Welfare Act applies or not? Was his motive an effort to disparage me and an attempt to influence this court to strip away my right to defend myself and to defend my family?

In filing this Objection, I ask this court's help in removing barriers as stated above, barriers interfering and/or preventing my ability to defend myself and my family. Thank you in advance for your help.

UNDER PENALTIES OF PERJURY the undersigned, the free and original inhabitant, **Kevin: Michael: Boon-Bey**, a living Man, 'within' and of the House of El's, Bey's, and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/ Washitaw Muur/ Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject only to his laws, declares that he provided a copy hereof to be placed forwarded via US Mail to:

        Assistant Attorney General David C. Rice
        Wisconsin Department of Justice
        Post Office Box 7857
        Madison, Wisconsin 53707-7857

  

I have hereunto set my hand and seal of office on this 25th day of October, 2019.

DATED: October 25, 2019 A.D.     Respectfully submitted,

By: Living, Breathing,
Natural Born,
Free Man on the
Soil

By Kevin: Michael: Boon-Bey
c/o Dodge Correctional Institution
c/o P.O. Box 700
c/o Waupun, Wisconsin 53963-0700