# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN MICHAEL BOON-BEY, A.S.B., a minor child, K.M.B., a minor child, K.M.B., JR., a minor child, P.I.H., a minor child, and S.M.B., a minor child,

    Plaintiffs,

v.

AUDREY SKWIERAWSKI and RYAN SANSON,

    Defendants.

Case No. 19-CV-985-JPS

**ORDER**

    The Plaintiff, Kevin Michael Boon-Bey ("Boon-Bey"), along with five of his minor children, filed a complaint against Defendants Audrey Skwierawski ("Judge Skwierawski"), a Milwaukee County Circuit Court judge, and Ryan Sanson ("Sanson"), a Milwaukee County prosecutor, alleging there are jurisdictional defects in a state juvenile court proceeding involving the minor children. Judge Skwierawski is the presiding judge in that case and Sanson is the prosecutor.

    Specifically, the Plaintiffs allege that (1) Judge Skwierawski acted beyond her authority when she ordered that Boon-Bey undergo a competency evaluation in that case, and (2) the state court does not have jurisdiction over the juvenile court proceeding because Boon-Bey is a tribal member of the Choctaw Musgokee Yamassee Nation, and his children are tentative members, meaning that the case must be transferred to a tribal court under the Indian Child Welfare Act ("ICWA"). (Docket #1 at 9–13);

*see also* 25 U.S.C. § 1901 *et seq*. They ask that this Court stop the prosecution of the juvenile proceeding in Milwaukee County and transfer it to the Choctaw Musgokee Yamassee Nation Tribal Court. (Docket #1 at 13). In addition, they seek an injunction against the Defendants from ever "prosecuting or attempting to prosecute the Plaintiffs," the return of "all property of the Plaintiffs," and a "payment yet to be determined by federal statute to the Plaintiffs." *Id.*

On October 15, 2019, the Defendants filed a motion under Federal Rule of Civil Procedure Rule 12(c) for judgment on the pleadings on the grounds of Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, qualified immunity, and failure to state a claim upon which relief can be granted. (Docket #14). Citing to a transcript of the juvenile court proceeding that Plaintiffs attached to their complaint, Defendants explain that Boon-Bey raised the issue of his alleged tribal membership in the state court and Judge Skwierawski found that the ICWA did not apply. *See* (Docket #1-3 at 24). They also explain that the "Choctaw Muskogee Yamassee Nation" is not an Indian tribe recognized by the United States Bureau of Indian Affairs, and there is no Choctaw Musgokee Yamassee Nation Tribal Court located in Lancaster, California, as the Plaintiffs allege.

On October 25, 2019, the Plaintiffs responded to the Defendants' motion by filing a mostly incoherent document titled "Objection." (Docket #16). In it, the Plaintiffs insist that their tribe is real, stating that the Principal Chief of the West Coast Choctaw Musgokee Yamassee Nation, Rawsheed Stone Coyote Patton, affirms "We are a people of treaty." (Docket #16 at 2). This statement is footnoted by reference to several treaties and other legal documents, none of which relate to a Choctaw Musgokee Yamassee Nation.

The Plaintiffs' complaint, and the arguments they make in opposition to the Defendants' motion, are frivolous. The myriad problems with the complaint are not limited to the deficiencies the Defendants have identified. For example, as a threshold matter, the Plaintiffs have not invoked the subject-matter jurisdiction of the federal court; they present no cognizable federal claim, and the parties are not diverse.

Furthermore, this Court has no authority to dismiss, review, or otherwise interfere with the state court case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("Lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). The complaint asks this Court to directly interfere with the Milwaukee County Circuit Court proceeding by overturning the judge's decisions to order a competency evaluation and to decline to transfer the case to tribal court. This Court lacks jurisdiction to do what the Plaintiffs ask.

Next, even if the Court did have subject-matter jurisdiction to hear this case, the minor children would have to be dismissed; their father, proceeding *pro se*, cannot bring claims on their behalf. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (a parent may not sue on his child's behalf without counsel).

As to the arguments made in the Defendants' motion for judgment on the pleadings, nothing in the Plaintiffs' "objection" gives the Court a reason to disagree with the Defendants. The Plaintiffs failed altogether to respond to the Defendants' arguments regarding immunity; that alone is sufficient to warrant dismissal of any claim for damages. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (a plaintiff forfeits his claim when

he effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss). The Plaintiffs' only response to the Defendants' argument regarding failure to state a claim is a laundry-list citation to (irrelevant) treaties and statutes purporting to establish the existence of the Choctaw Musgokee Yamassee Nation. The Plaintiffs have not established their membership in a recognized Indian tribe, and even if they had, they do not tie that fact to any cognizable claim.

Finally, because allowing the Plaintiffs to amend their complaint—something for which they did not ask—would be futile, the Court will dismiss this case in its entirety.[1]

Accordingly,

**IT IS ORDERED** that the Defendants' motion for judgment on the pleadings (Docket #14) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] This is not the Court's first encounter with Boon-Bey's frivolous litigation. He advanced similar arguments about his alleged tribal membership in Case No. 19-CV-1006-JPS (E.D. Wis.), which the Court dismissed for, *inter alia,* failure to state a claim.